

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL.
ATTORNEY GENERAL

October 16, 1975

The Honorable Tom Creighton
Chairman, Senate Committee on Economic
   Development
Senate Chambers, Capitol Building
Austin, Texas 78711

Opinion No. H- 720

Re: Constitutionality of article
1.07, Taxation-General.

Dear Senator Creighton:

You have requested our opinion concerning the constitutionality of article 1.07, Taxation-General, which establishes a state tax lien and provides:

> (1)(f)(ii) No bank or savings and loan institution
> shall be required to recognize the claim
> of the State to any deposit or withhold pay-
> ment of any deposit to the depositor or to
> his order unless and until it is served by
> the Comptroller with notice of the State's
> claim.

In our view article 1.07 contemplates that upon proper notice a bank will withhold payment of deposits in the sum of the lien. You ask whether such freezing of a person's deposits on the basis of an administrative decision by the Comptroller is constitutional. You have referred us to Fuentes v. Shevin, 407 U.S. 67 (1972) and Sniadach v. Family Finance Corp., 395 U.S. 337 (1969). Sniadach involved a Wisconsin wage garnishment statute which allowed private creditors to garnish a defendant's wages without a prior hearing. In ruling the statute unconstitutional the Court indicated that such summary procedures would meet the requirements of due process only in "extraordinary circumstances" 395 U.S. at 339.

These extraordinary situations were more fully discussed in Fuentes, a case which involved the summary seizure, without prior notice or hearing, of household goods under a writ of replevin issued by the State on application of a private creditor. In holding the statute before it unconstitutional the Court stated:

> . . . Only in a few limited situations has this Court
> allowed outright seizure without opportunity for a
> prior hearing. First, in each case, the seizure has
> been directly necessary to secure an important govern-
> mental or general public interest. Second, there has

been a special need for very prompt action.  Third,
the State has kept strict control over its monopoly
of legitimate force: the person initiating the seizure
has been a government official responsible for deter-
mining under the standards of a narrowly drawn
statute, that it was necessary and justified in the
particular instance.  Thus, the Court has allowed
summary seizure of property to collect the internal
revenue of the United States, to meet the needs of a
national war effort, to protect against the economic
disaster of a bank failure, and to protect the public
from misbranded drugs and contaminated food.  407
U.S. at 90-92.

Regarding the collection of internal revenue, the Court cited Phillips v.
Commissioner, 283 U.S. 589 (1931), in which summary administrative proceedings
were upheld.  The Court stated:

Where only property rights are involved, mere post-
ponement of the judicial inquiry is not a denial of due
process if the opportunity given for ultimate judicial
determination of liability is adequate.  283 U.S. at
596-597.

This language was quoted and Phillips cited without criticism in Mitchell v.
W. T. Grant Co., 416 U.S. 600, at 611 (1973).

In Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663 (1973), the
Court upheld the summary seizure of a boat upon which contraband had been dis-
covered, stating:

. . . unlike the situation in Fuentes, [the] seizure
is not initiated by self interested private parties;
rather [government] officials determine whether
seizure is appropriate under the provisions of the
. . . statutes.  416 U.S. at 679

We believe our courts probably would hold that article 1. 07 (1)(f)(ii) satisfies
the criteria presented in Phillips and Calero-Toledo. The, State has an important
governmental interest in securing revenues, the seizure is initiated by a responsible

government official under specific statutory authority and the taxpayer has opportunity to bring any dispute before  the courts.  Taxation-General, articles 1.032(c),  1.05,  1.07B.  Accordingly,  in our opinion article 1.07 probably would be held constitutional under the present case law.

### SUMMARY

Article 1.07,  Taxation-General authorizing a state tax lien is  constitutional.

Very truly  yours,

JOHN L.  HILL
Attorney  General of Texas

APPROVED:

DAVID M.  KENDALL,  First Assistant

C.  ROBERT HEATH,  Chairman
Opinion Committee

jad: